UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MAURICE COTTON,

    Plaintiff,
v.               **DECISION AND ORDER**
                  06-CV-477S

ERIN McCARTHY, THOMAS BEYERS,
CHRISTOPHER STERLACE, BOYD LEE DUNLOP,
and the CITY OF BUFFALO,

    Defendants.

## I. INTRODUCTION

*Pro se* Plaintiff Maurice Cotton brings this action against Defendants Erin McCarthy, Thomas Beyers, Christopher Sterlace, Boyd Lee Dunlop, and the City of Buffalo, alleging violation of his civil rights, and personal injury, personal property, and property rights claims. On September 30, 2008, Defendants moved to dismiss Plaintiff's Amended Complaint, pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure based on the failure to state a claim. On October 2, 2008, Plaintiff moved for summary judgment. For the following reasons, Defendants' Motion to Dismiss is granted, and Plaintiff's Motion for Summary Judgment is denied.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12

1

(b)(6). When determining whether a complaint states a claim, the court must construe the complaint liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

Although the complaint need not include detailed factual allegations, the plaintiff must show the "grounds of his entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The complaint must plead enough facts to be plausible on its face, Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (citing Twombly, 550 U.S. at 570), and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.; Goldstein, 516 F.3d at 56.

Finally, because of the distinct disadvantage that *pro se* litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). As Plaintiff is proceeding *pro se*, this Court has reviewed his submissions and arguments accordingly. Importantly, however, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 8191 B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (citation and quotation omitted).

**B.     Section 1983**

Title 42 United States Code Section 1983 creates a civil cause of action for an individual whose constitutionally protected rights have been violated by a state actor. In

order to sufficiently allege a section 1983 claim, a plaintiff must demonstrate that (1) the conduct complained of was committed by a person under color of state law, and (2) the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.  Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

**C.     Plaintiff's Fourth Amendment Claim for False Arrest or Imprisonment under Section 1983**

In light of the requirement that courts liberally construe Plaintiff's *pro se* papers, this Court construes Plaintiff's claim for false arrest or imprisonment as alleging a Fourth Amendment violation of his constitutionally protected rights.  See e.g., Feurtado v. City of New York, 337 F. Supp. 2d 593, 597 (S.D.N.Y. 2004) (construing *pro se* plaintiff's claim for false imprisonment to allege a Fourth Amendment violation); Sepulveda v. City of New York, No. 01-CV-3054, 2003 WL 21673626, at *5 (S.D.N.Y. Jul. 17, 2003) (construing *pro se* plaintiff's claims for false arrest and imprisonment as making a Fourth Amendment claim); see also Guadagni v. N.Y.C. Trans. Auth., No. 08-CV-3163, 2009 WL 1910953, at *4 (E.D.N.Y. June 30, 2009) (claims for false arrest and imprisonment "rest on an individual's Fourth Amendment right to be free from unreasonable seizures, including arrest without probable cause . . .") (internal citations omitted).

To prove a claim under section 1983 for false arrest or imprisonment, Plaintiff must prove that: (1) the Officers intended to confine him; (2) he was conscious of the confinement; (3) he did not consent to the confinement; and (4) the confinement was not otherwise privileged.  Feurtado, 337 F. Supp. 2d at 597 (citing cases).  "Probable cause acts as a privilege and exists where 'the arresting officer has knowledge or reasonably

3

trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" Id. (quoting Singer v. Fulton County Sheriff, 63 F. 3d 110, 118 (2d Cir. 1995)).

In his statement of claim, plaintiff alleges that on August 31, 2005, he used a ladder to enter the upstairs of a house he claimed to live in. Plaintiff also alleges that police officer Thomas Beyers climbed the ladder and ordered him to go downstairs and open the front door, and that after opening the door he told the police officers there was mail with his address and employee uniforms with his name on them inside. Additionally, plaintiff states that the police officers searched but did not find either, and that defendant Boyd Lee Dunlop claimed that he owned the house, and that Plaintiff did not belong in there or live in it.

Accepting all factual allegations as true as this Court is required to do, and in light of the existence of probable cause in the factual allegations of the Amended Complaint, Plaintiff fails to state a claim for a violation of his Fourth Amendment rights by a person acting under color of state law.

**D.     Plaintiff's Remaining State Law Claims**

This Court declines to exercise jurisdiction over Plaintiff's remaining state law claims. Title 28 United States Code Section 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over the other claims if the district court has dismissed all claims over which it has original jurisdiction." Here, all federal claims brought pursuant to section 1983 have been dismissed. All that remains are Plaintiff's state law claims, and this Court declines to exercise jurisdiction. See Marcus v. AT&T Corp., 138

F. 3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well").

Plaintiff's claims for loss of consortium, defamation, slander, and false pretenses are state law claims. See e.g., Fleming v. Sharma, 605 F. Supp. 2d 399, 409 (N.D.N.Y. 2009) ("Plaintiff's claim for loss of consortium may not be brought pursuant to § 1983 because the claim is not based upon a deprivation of her constitutional rights. Rather, it is a state law claim for the loss of her husband's love, support, and services."); Cox v. National R.R. Passenger Corp., No. 09-CV-6754, 2009 WL 2634792, at *6 (S.D.N.Y. Aug. 25, 2009) ("A claim of defamation by a private citizen presents an issue of state law, and not a right protected by the Constitution or federal law, and therefore provides an insufficient basis to maintain a section 1983 action") (citing Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004)); Cusamano v. Sobek, 604 F. Supp. 2d 416, 487 n. 157 (N.D.N.Y. 2009) (citing Porter v. Lincoln City, Fed. Appx. 985, 986 (9th Cir. 2003) (affirming district court's decision to decline to exercise supplemental jurisdiction over inmate's pendent state law claims for fraud, misrepresentation, libel, and slander, after district court concluded that inmate's federal due process claim should be dismissed in civil rights action under section 1983); Stonehart v. Rosenthal, No. 01-CV-651, 2001 WL 910771, at * 7 (S.D.N.Y. Aug. 13, 2001) (noting that false pretenses claim is a state law claim pursuant to N.Y. Gen. Bus. Law § 380 et seq); Scott v. Real Estate Finance Group, 956 F. Supp. 375, 385 (E.D.N.Y. 1997) (noting that plaintiffs' claim for false pretenses is a state law claim).

Plaintiff's claims for "loss of earnings" and "mental suffering" are not causes of

action. But upon liberally construing Plaintiff's *pro se* submission to raise the strongest possible arguments, this Court finds that these allegations may be construed as claims for the negligent and/or intentional infliction of emotional distress. These claims are also state law claims. See e.g, Tarantino v. City of Hornell, 615 F. Supp. 2d 102, 126 (W.D.N.Y. 2009) (finding that claim for intentional infliction of emotional distress is a state law claim and could not be brought pursuant to section 1983); Rodenhouse v. Palmyra-Macedon Cent. School Dist., No. 07-CV-6438, 2008 WL 2331314, at *1 (W.D.N.Y. Jun. 3, 2008) (noting that claim for negligent infliction of emotional distress is a state law claim).

### III. CONCLUSION

In light of the foregoing, Defendants' Motion to Dismiss is granted, and Plaintiff's Motion for Summary Judgment is denied as moot.[1]

### IV. ORDERS

IT IS HEREBY ORDERED, that Defendants' Motion to Dismiss (Docket No. 43) is GRANTED.

FURTHER, that Plaintiff's Motion for Summary Judgment (Docket No. 44) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to

---

[1] This Court notes that the City of Buffalo, Erin McCarthy, Thomas Beyers, and Christopher Sterlace filed a cross-claim against Boyd Lee Dunlop seeking to hold Dunlop responsible for any liability if they are found liable. (Docket No. 9.) Because Defendants' Motion to Dismiss is granted, this cross-claim is moot.

6

close this case.

SO ORDERED.

Dated: September 28, 2009
Buffalo, New York

                                                          /s/William M. Skretny
                                                          WILLIAM M. SKRETNY
                                                          United States District Judge